

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1909-11

### MICHAEL JAY BAYS, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

The issue in this case is no different from whether a recording of a 911 call may be played to a jury when the contents of the call are otherwise admissible. Statements made during a 911 call are hearsay, but they may be admissible under one or more hearsay exceptions, such as dying declaration, excited utterance, or present sense impression.[1] We have upheld the admission of the

---

[1] *See Gardner v. State*, 306 S.W.3d 274, 288-92 (Tex. Crim. App. 2009) (State argued that statements made in a 911 call were admissible under all three theories. We addressed only whether the particular 911 call in question qualified as a dying declaration, and we held that it did.).

testimony of a 911 operator regarding such statements,[2] and if that testimony is admissible, the recording of the call itself is admissible.[3] This practice has occurred in the courts of Texas and in other states.[4]

By saying, "A statement that meets the requirements of Subsection (a) is not inadmissible because of the hearsay rule," Article 38.072 simply creates a hearsay exception, on par with other types of exceptions such as excited utterances.[5] Although Article 38.072 contemplates that there is a sponsoring witness for an outcry statement, the statute does not specify how the sponsoring witness is to offer the outcry statement. The witness could testify to the contents of the statement, or the witness could sponsor an electronic recording of the statement. An outcry witness could even sponsor a written recording, if the child's outcry were made in writing.[6]

The Court contends that the outcry statute differs from other hearsay exceptions because the statute "clearly contemplates the role of an outcry 'witness' . . . and is not wholly silent with respect to how the outcry evidence will be presented at trial."[7] I must respectfully disagree. Nowhere does the statute refer to "testimony" from an outcry witness. Instead, the statute refers to a "statement"

---

[2] *See id.*

[3] *See id.* It is not clear whether the 911 tape was itself admitted, though it appears possible that it was. *See id.* at 307 n.6. The Court made no distinction between the tape and testimony about the tape. *See also Dixon v. State*, 358 S.W.3d 250, 254 (Tex. App.–Houston [1st Dist.] 2011)(holding recording of 911 call admissible over hearsay objection).

[4] *See Davis v. Washington*, 547 U.S. 813, 818-19 (2006); *Estrada v. State*, 313 S.W.3d 274, 300 (Tex. Crim. App. 2010); *Dixon*, *supra*.

[5] TEX. CODE CRIM. PROC. art. 38.072, § 2(b).

[6] If a child reveals that she has been sexually assaulted by writing a letter to a relative, I see no justification for excluding the letter from evidence as long as the child is available to testify.

[7] Court's op. at n.17.

by the child and it refers to a witness through whom a party intends to offer "the statement."[8]  The Court contends that this language supports the notion that the child's outcry statement will be conveyed "through" the testifying outcry witness because a witness is someone who testifies in court, but as Judge Hervey explains in her dissent, this language is broad enough to encompass submitting materials through a witness.  A witness can, for example, take the stand to lay the predicate for a business record, a videotape, or a defendant's written confession.

I can see why a defendant would not want the jury to see and hear exactly what his victim said when she made her outcry, but it makes no sense to say that a *less* reliable method of relating that outcry (oral testimony) is admissible while a *more* reliable recitation of the outcry (video recording) is not.  With these comments, I join Judge Hervey's dissenting opinion.

Filed: April 17, 2013
Publish

---

[8]  *See* TEX. CODE CRIM. PROC. art. 38.072, § 2(a), 2(a)(1)(B), 2(b), 2(b)(1)(B).